

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00166-CR

_____

MICHAEL DEAN HOPKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35547-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Dean Hopkins appeals his conviction for theft alleging that the evidence is insufficient, the rule requiring witness sequestration was violated, and the rebuttal testimony was improper. After our review of the record and applicable law, we affirm the trial court's judgment.

**Facts and Procedural Background**

On December 19, 2006, an employee of the Super One Foods Store in Longview, Texas, saw Hopkins leave the store with a television and refrigerator. Hopkins had not paid for the appliances, and store employees detained Hopkins until police arrived. Hopkins was charged with theft of property of a value less than $1,500.00. The indictment also alleged two prior felony convictions which enhanced the range of punishment to that of a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp. 2007). A Gregg County jury found Hopkins guilty and later assessed punishment of two years' confinement.

### 1.    Insufficient Evidence

Hopkins' first appellate point of error claims the trial court erred in not granting Hopkins' motion for an instructed verdict. However, Hopkins has not shown us that he moved for such a ruling, and we have found no such request in our review. We cannot find that the trial court erred in failing to grant a motion that was not requested. However, the text of Hopkins' brief alleges there was no evidence to show he had intended to steal the appliances. In the interest of justice, we will treat this as an attack on the legal sufficiency of the evidence.

2

Shawn Winn, the manager of the Super One Foods Store, testified he noticed Hopkins on December 19, 2006, in the store; Hopkins had a television and small refrigerator in his shopping cart. Winn was suspicious of Hopkins, who kept looking around him as he wandered from place to place in the store. Winn alerted other employees of his observations, and when Hopkins left the store without paying for the appliances, which he still had with him, Winn and assistant manager Jeff Ishan confronted Hopkins. They directed Hopkins to accompany them back into the store. Hopkins told them he had lost his keys, and a "scuffle" or "altercation" ensued. Another shopper, Bonnie Beadles, saw this altercation on the sidewalk outside the store. She then called the police. Longview police officer Rebekah Martinez arrived about that time. Hopkins told her that he had never left the store and that he had not stolen anything. Martinez said that Hopkins never mentioned anything about lost keys.

Hopkins testified that he had just spoken to one of the store's managers about his missing keys when the managers tried to get Hopkins to go to the store's office with them. Hopkins denied that he took the items outside the store, but insisted he walked to the door and stopped. Hopkins claimed the store employees "man handled" him and tripped him. He said that his wife was in the store with him that day and that, before this incident, he had cashed a check at the bank located inside the store. Neither the bank teller nor Hopkins' wife testified.

In a legal sufficiency review, we consider the entire trial record to determine whether, after viewing the evidence in the light most favorable to the verdict, a rational jury could have found the

accused guilty of all essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). In conducting our review of the legal sufficiency of the evidence, we do not re-evaluate the weight and credibility of the evidence, but ensure only that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

An intent to steal may be inferred from circumstantial evidence. *Bustamante v. State*, 106 S.W.3d 738, 740–41 (Tex. Crim. App. 2003). Here, the State produced testimony that Hopkins was behaving suspiciously near the store's entrance, with two appliances in his shopping cart, and that he left the store without paying. Beadles also stated that Hopkins had "come out" of the store pushing a shopping cart which contained a television, when a store employee confronted him.

The Texas Court of Criminal Appeals has provided the proper method of analyzing a claim of lack of intent:

> In a sufficiency review, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct. Circumstantial evidence of a defendant's guilty knowledge is not "required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements." *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Cr. App. 1995). "It is not necessary that this Court find to its own satisfaction that such was appellant's intent. It is enough for us to find that 'any' rational jury could have so found beyond a reasonable doubt." *Brimage v. State*, 918 S.W.2d 466, 476 (Tex. Cr. App. 1994).

*Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

Although Hopkins testified that he did not intend to steal the goods, the jury, as the exclusive judge of witness credibility, was entitled to not believe all or any portion of his testimony. *See id.*

4

There was legally sufficient evidence of Hopkins' intent to commit theft. We overrule the first point of error.

## 2. Violation of the Rule Sequestering Witnesses

Hopkins' second point of error claims the trial court erred when it allowed two witnesses to testify for the State in rebuttal. Before testimony began, Hopkins invoked the rule for exclusion of witnesses. *See* TEX. R. EVID. 614. The two witnesses of whom Hopkins now complain, Beadles and Ishan, had both testified during the State's case-in-chief, and were excused by the trial court. The witnesses remained in the courtroom and heard the rest of the State's evidence, as well as the testimony of Hopkins and his mother.

When requested by any party, witnesses are to be excluded from the courtroom "so that they cannot hear the testimony of other witnesses." TEX. R. EVID. 614. "The purpose of placing witnesses in a proceeding under the sequestration rule . . . is to prevent the testimony of one witness from influencing the testimony of another." *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996). The Texas Court of Criminal Appeals, in *Bell*, pointed out that, while the language of the rule is mandatory, what to do following a violation is discretionary: "Unlike the trial court's obligation to order witnesses excluded during other witnesses' testimony, the court's decision to allow testimony from a witness who has violated the rule is a discretionary matter." *Id.*[1]

---

[1]"It has long been held that the ruling of the trial court on an objection to a witness testifying when he has remained in the courtroom after having been placed under the 'rule' may not be relied upon as a ground for reversal unless an abuse of discretion is shown; and until the contrary has been shown, it will be presumed on appeal that discretion was properly exercised." *Valdez v. State*, 776

The test for an abuse of discretion in this situation is whether harm has befallen the accused. As the *Bell* court put it, "whether or not the witness's *presence* during other testimony resulted in injury to the defendant." *Id.* Two criteria which have been suggested for determining injury or prejudice are 1) whether the witness actually conferred with or heard testimony of other witnesses, and 2) whether the witness' testimony contradicted testimony of a witness from the opposing side or corroborated testimony of a witness with whom he or she had conferred, or heard. *Id.* In *Bell*, a police investigator remained in the courtroom during the trial even though the rule had been invoked. *Id.* However, because his testimony and opinions were "clearly . . . based upon his own experiences and investigations" and not "based upon any testimony from appellant's witnesses," and because there was no evidence to suggest the testimony he heard influenced him, the court found no abuse of discretion in allowing his testimony. *Id.* at 51.[2]

Here, it is undisputed that the witnesses—Beadles, the lady who called police after seeing the altercation in front of the store; and Ishan, the assistant manager who helped detain Hopkins—remained in the courtroom after their testimony while Hopkins and his mother testified. On rebuttal, Beadles was asked two questions by the State: where she had first seen Hopkins on the date of the incident and where the cart was located. Beadles said Hopkins and the cart were outside

S.W.2d 162, 170 (Tex. Crim. App. 1989).

[2]The investigator was called at punishment and testified about his experience and opinions about criminals who were "'smart' in crime but not very smart 'outside of the criminal element.'" He further opined that the murder at issue, and post-crime cleanup, had been planned. *Bell*, 938 S.W.2d at 50.

the store, on the sidewalk. While this contradicts Hopkins' testimony, the record reveals her statement was based on her own experience and perceptions and not that it was based on or influenced by the testimony of any other witness. *Cf. id.* at 50–51. Beadles had testified in the State's case-in-chief that Hopkins was outside the store with the goods when she saw the store employees stop him. Her rebuttal testimony added nothing new or different to the testimony to which she had already committed. Perhaps a proper objection to her testimony was that it was repetitive, but that objection was not presented to the trial court and cannot now be considered.

Ishan was only asked, on rebuttal, to testify about the layout of the store; he offered no testimony that specifically contradicted Hopkins' testimony.

The evidence in this case does not support a conclusion that these witnesses' presence during the presentation of other testimony resulted in injury to Hopkins. Two witnesses other than Beadles testified that Hopkins left the store with the appliances. Beadles' rebuttal testimony was entirely consistent with her testimony given before Hopkins and his witness testified and therefore belies any concern that her testimony was changed or influenced by hearing the testimony of other witnesses.

### 3. Rebuttal Witness Testimony

Hopkins' third point of error claims the trial court abused its discretion in allowing the State to call the above-referenced rebuttal witnesses to present the "same facts as on the case in chief" and violates Rule 611 of the Texas Rules of Evidence. *See* TEX. R. EVID. 611. This objection was not presented to the trial court. The only objection to the rebuttal testimony was the violation of the

witness sequestration rule. Having not been presented at trial, the point is not preserved for appeal.

*See* TEX. R. APP. P. 33.1.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:    April 3, 2008
Date Decided:     April 9, 2008

Do Not Publish